PER CURIAM.
In this disciplinary proceeding, The Florida Bar petitions for review of that portion of the referee’s report which recommends that respondent pay costs as a condition of reinstatement following a six-month suspension. The Bar contends that article VIII, paragraph 6 of the Integration Rule mandates the payment of costs within thirty days after a disciplinary decision becomes final, unless the time is extended by the Board of Governors.
Respondent was found guilty of violating Disciplinary Rules 1-102(A)(5) and (6) of the Code of Professional Responsibility, in that he engaged in conduct prejudicial to the administration of justice which adversely reflected on his fitness to practice law. We approve the referee’s finding of misconduct, and we approve the referee’s recommendation that respondent be suspended from the practice of law for six months, and thereafter until he shall demonstrate rehabilitation. We also accept the referee’s recommendation that respondent bear the costs of this proceeding. The suspension shall be effective October 12, 1981, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business. Respondent is also ordered to pay costs in the amount of $466.65.
The Bar’s suggested modification of the referee’s recommendation is appropriate. Costs should not be paid as a condition of reinstatement. Rule 11.06(9)(a)(5) of the Integration Rule, which states that a referee’s report shall include “recommendations as to the manner in which costs should be taxed,” must be read in conjunction with the thirty day limitation of article VIII, paragraph 6. The prompt payment of costs is an integral part of the grievance process. It is not a matter related to rehabilitation. We direct respondent to pay the costs of this proceeding within the time limitation of article VIII, paragraph 6.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.